

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 1, 2024**

*Mark X. Mullin*
**United States Bankruptcy Judge**

___

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **RAKKI LLC**, *et al.*, | § | |
| | § | **Case No. 23-42227 (MXM)** |
| | § | |
| **Debtors** | § | **(Jointly Administered)** |

### ORDER CONFIRMING DEBTOR'S CONSENSUAL PLAN OF REORGANIZATION

Came on for consideration the Debtor's Consensual Subchapter V Plan of Reorganization filed October 25, 2023 pursuant to 11 U.S.C. § 1129 and 1191. After hearing evidence, the Court finds as follows:

1. The Subchapter V Plan of Reorganization (Docket No. 70)("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

4. Not all classes of creditors voted to accept the Plan. The Plan nonetheless meets the requirements of 11 U.S.C. § 1191(b) and (c).

5. No objections were filed objecting to confirmation of the Plan. The Plan provides that the Debtor will act as the payment administrator under the Plan. The Debtor, acting as payment administrator, will be to the benefit of the creditors, as it will reduce administrative expenses post-confirmation. It is;

ORDERED and ADJUDGED that:

1. The Subchapter V Plan of Reorganization (Docket No. 70), is hereby CONFIRMED under 11 U.S.C. §§ 1129.

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be the disbursing agent as to all creditor payments pursuant to the terms of the Chapter 11 Plan. The Sub Chapter V Trustee (the "Trustee") shall not be responsible for making any payments to creditors under the Plan.

4. In addition to the terms of the Plan, the Debtor and its personal representative, Viet Nguyen, have agreed to resolve the Adversary Complaint attached to this case as Case No. 23-42227-mxm11; *Axos Bank v. Rakki, LLC et al*. By the terms of their Agreement, the Debtor has agreed to repay the $176,850.00 over the life of the plan with interest at 8.5%, which shall be paid monthly in the amount of $3,669.38 for sixty (60) months. Such payments shall be made

conditioned upon a full release and dismissal of the complaint and shall not alter or amend the payments in the Plan to any other creditors. Client agrees to pay the reasonable fees throughout the course of the plan for the bank.

5. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6. Debtor will not be required to file anymore monthly operating reports upon confirmation of this Plan.

7. All fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all such fees when due and payable.

# # #